UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS ORTIZ,

    Appellant,

v.                                                       Case No: 8:20-cv-2580-CEH

FRANK R. KANE and HOWARD
AVENUE STATION, LLC,

    Appellees.
_____/

## ORDER

This matter comes before the Court upon Appellee Frank R. Kane's Motion to Dismiss [Doc. 10], Thomas Ortiz's Response [Doc. 14], and Frank R. Kane's Reply 15].[1] In the motion to dismiss, Appellee Kane argues that Appellant has failed to comply with several rules of the Federal Rules of Bankruptcy Procedure as well as this Court's orders and his appeal should be dismissed. The Court, having considered the motion and being fully advised in the premises, will grant Appellee Frank R. Kane's Motion to Dismiss.

    **I.    BACKGROUND**

---

[1] The response was untimely, but in light of Mr. Ortiz's representation that he did not receive the motion by mail and did not receive it until just over two weeks later by email, the Court will consider the arguments raised therein. The Court further notes that Frank R. Kane filed a reply [Doc. 15] without first seeking leave to do so, as required by Middle District of Florida Local Rule 3.01(d). As no objection was filed, the Court considered the reply in ruling on the motion to dismiss.

On November 4, 2020, Appellant Thomas Ortiz filed this appeal of an order of the United States Bankruptcy Court.[2] [Doc. 1]. In his "Amended Notice of Appeal," he indicates that the appeal is of the order entered August 28, 2019 at ECF 1017. *Id.* at pp. 1, 5-6. In that order, the bankruptcy court denied Mr. Ortiz's motion for rehearing or modification of the July 12, 2019 order at ECF 1007, granting the Debtor's Emergency Motion to Abate the Payment of Adequate Protection to Frank R. Kane. *Id.* at pp. 1, 7-8. In a footnote, Mr. Ortiz indicated that the notice of appeal also served as an appeal of the July 2019 order, to the extent there was any issue whatsoever with already pending appeals before this Court. *Id.* at p. 1.

In the July 2019 order, the bankruptcy court stated:

> The payment of rent to Frank Kane . . . is governed by Fla. Stat. § 83.201. Adequate protection payments are abated until the required repairs have been made in accordance with said statute, the Notices of Violation issued by the City of Tampa have been cured, and the Orders to Vacate issued by the City of Tampa have been lifted, at which time any withheld payments shall be paid. However, if the premises are abandoned, the payments withheld may be retained pursuant to Fla. Stat. § 83.201.

*Id.* at p. 8. The bankruptcy court then indicated in the August 2019 order "the [July 2019] Order needs no modification." *Id.* at p. 6. According to the notice of appeal, the August 2019 order became final on September 18, 2020, upon entry of ECF 1154, an Order Granting in Part and Denying in Part Motion for Clarification and/or for

---

[2] The Notice of Appeal was filed in the bankruptcy court on October 26, 2020 [Doc. 1].

Comfort Order, which purportedly "clarified, modified, and/or amended" the orders on appeal. *Id.* at p. 1.

On November 5, 2020, this Court ordered counsel and the *pro se* party to certify whether this action was a similar or successive case. [Doc. 2]. That notice of related actions was filed by Frank R. Kane on November 17, 2020, and indicates that the subject matter of this action relates to three other actions pending in this District,[3] and lists several other similar or related cases. [Doc. 4]. The record on appeal was docketed on November 24, 2020, and the following day, Appellant was advised that he "shall comply with the filing and format requirements established by Rule 8018 of the Rules of Bankruptcy Procedure and Rule 1.05 of the Local Rules of the United States District Court for the Middle District of Florida." [Docs. 6, 7].

On January 29, 2021, Appellee Frank R. Kane filed this motion to dismiss. [Doc. 10]. There he argues that (i) the appeal is untimely as the orders were entered in 2019; (ii) that Appellant has failed to comply with the Court's orders; (iii) that Appellant has failed to designate the record as required by Rule 8009(a) of the Federal Rules of Bankruptcy Procedure; and (iv) that Appellant has failed to file his initial brief as required by Rule 8018. *Id.* ¶ 1.

Appellant opposes the motion. [Doc. 14]. He contends that the appeal was timely based on an extension of time from the bankruptcy court. *Id.* at p. 2. He further

---

[3] The three actions identified included: *PNC Investments, LLC, The Block in Soho, LLC, and VMOB, LLC v. Frank Kane*, Case No. 8:19-cv-02490-WFJ; *Howard Avenue Station, LLC v. Frank Kane*, Case No. 8:19-cv-02491-MSS; and Thomas Ortiz v. Frank Kane, Case No. 8:19-cv-02492-MSS.

contends that the appeal should not be dismissed because of any failure to comply with this Court's Orders and that Mr. Kane does not allege and cannot prove the required "bad faith, negligence or indifference" which must be present for the Court to dismiss the action. *Id.* at pp. 10-12. He also argues that it is his understanding that an appeal should not be dismissed for failing to designate the record on appeal and that he has been working on consolidating the multiple appeals with the first-filed case before Judge Jung and he then plans to prepare a consolidated appellate record, because it makes sense to do so. *Id.* at pp. 12-13. He also contends that his failure to file the initial brief is justified for the same reason. *Id.* at pp. 14-15.

In reply, Appellee argues that Appellant believes that the extension deadline continues to toll over and over and over again with the filing of each motion relative to the subject of the Order(s), regardless of the timeframe for filing such motion and that the appeal deadline continues to be extended with each subsequent order and motion, which is not accurate. [Doc. 15 at pp. 5,6]. Appellee then points out that no consolidation of the appeal has been sought by Appellant and that this reasoning does not excuse Appellant's refusal to designate the record. *Id.* at p. 8. Lastly, Appellee points out that the appeal is duplicative of appeals of the same order that were filed a year earlier—as Appellant admits—and should therefore be dismissed. *Id.* at p. 10.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 158(a), the United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. *See In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000) (stating same). The district court's

4

jurisdiction covers "final judgments, orders, and decrees . . . entered in cases and proceedings referred to the bankruptcy judges." *Id.* § 158(a)(1); *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 964 (11th Cir. 2012) (stating same). "A final decision is generally one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (quotations omitted). "[T]he separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do." *Id.* Additionally, "with leave of the court," an appeal may lie "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3).

Assuming that jurisdiction exists, the Federal Rules of Bankruptcy Procedure impose a number of obligations on a party seeking review of the decision of a bankruptcy court. First, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed," except as provided by the Rules. Fed. R. Bankr. P. 8002. The appellant must then file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented, within 14 days after (i) the notice of appeal as of right becomes effective under Rule 8002 or (ii) an order granting leave to appeal is entered. Fed. R. Bankr. P. 8009(a)(1). Next, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). The Rules further provide that "[i]f an appellant fails to file a brief on time or within an

extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal." Fed. R. Bankr. P. 8018(4).

## III. DISCUSSION

In assessing the arguments raised by Appellee, the Court finds that dismissal of this appeal is warranted because it is untimely, such that subject matter jurisdiction is lacking. Additionally, there are other issues that would subject this appeal to dismissal had it been timely.

### a. Jurisdiction

As noted above, the Court's jurisdiction extends to "final judgments, orders, and decrees . . . entered in cases and proceedings referred to the bankruptcy judges," and the Court may hear appeals from interlocutory orders. 28 U.S.C. § 158(a)(1), (3). Upon the Court's own consideration, it appears that the orders on appeal do not fit within the class of orders over which this Court has jurisdiction.

The orders identified in this appeal relate to the abatement of adequate protection payments in relation to a rental property. In *In re Alchar Hardware*, 730 F.2d 1386, 1388 (11th Cir. 1984), the court found that the bankruptcy court's determination of whether one creditor is adequately protected did not end the bankruptcy proceedings. *See also In re Regency Woods Apartments, Ltd.*, 686 F.2d 899, 903 (11th Cir. 1982) (dismissing appeal on the basis that order requiring cash payments to provide adequate protection and other orders were interlocutory). As in *In re Alchar Hardware*, the bankruptcy court's decision here does not bear the indicia of finality that allows

for appellate review. Furthermore, Appellant has not sought leave to appeal this order. Considering these issues, the Court questions its jurisdiction over this appeal.[4]

### b. Timeliness of Appeal

Regardless, the Court must agree with Frank R. Kane that the appeal is untimely. "The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000) (quoting *Advanced Estimating System, Inc. v. Riney,* 77 F.3d 1322, 1323 (11th Cir.1996)). Pursuant to Federal Rule of Bankruptcy Procedure 8002(d), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002. Additionally, the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (a) within the time prescribed by this rule; or (b) within 21 days after that time, if the party shows excusable neglect. Fed. R. Bankr. P. 8002(d)(1).

According to the bankruptcy court's file stamp, Mr. Ortiz filed this notice of appeal on October 26, 2020.[5] [Doc. 1]. The notice of appeal identifies the order at ECF 1017 denying the motion for rehearing or modification entered on August 28, 2019, as the order on appeal. *Id.* It also unequivocally indicates that it serves as an appeal of the order granting the motion to abate the payment of adequate protection to Frank R.

---

[4] Because dismissal is warranted on another jurisdictional ground, the Court need not decide this jurisdictional issue.
[5] Mr. Ortiz claims that the notice of appeal was actually filed October 2, 2020. [Doc. 8 ¶ 10]. This is of no consequence as it was still over a year late.

7

Kane entered on July 12, 2019. This appeal of the orders was filed way outside the fourteen-day period for doing so in accordance with Rule 8002. And it is not based on any order of the bankruptcy court extending the time to do so. In fact, Mr. Ortiz notes that these same orders were timely appealed on October 2, 2019 and assigned Case No. Case No: 8:19-cv-02492-MSS, and that this appeal was filed as a "belts and suspenders" protection. [Doc. 14 ¶¶ 7, 8]. This admission further indicates the untimeliness of this appeal.

c. Duplicate Appeal

Moreover, Mr. Ortiz's representations also confirm that this appeal is duplicative of another appeal before this Court. "[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *Georgia ex. rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016) (quoting *I.A. Durbin, Inc v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986)). An Appellant is not entitled to two appeals. *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978)[6]; s*ee generally Daker v. Warren*, No. 17-11121-J, 2017 WL 4417827, at *1 (11th Cir. June 21, 2017) ("Mr. Daker 'is not entitled to two appeals' from the same order."); *Bouey v. Orange Cty. Serv. Unit*, 695 F. App'x 523 (11th Cir. 2017) ("she is not entitled to two appeals of the same order."); *Brown v.*

---

[6] "All decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981 are binding on this court." *United States v. Johnson*, 713 F.2d 633, 640 n.6 (11th Cir. 1983); *Roman v. United States*, 789 F. App'x 211, 212 (11th Cir. 2019) (stating same and citing *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)).

*United States*, No. 19-12028-E, 2019 WL 4071874, at *1 (11th Cir. July 9, 2019) (dismissing appeal as duplicative and for lack of jurisdiction). "[F]ederal courts 'are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court.' " *Georgia ex. rel. Olens*, 833 F.3d at 1321 (quoting *I.A. Durbin, Inc*, 793 F.2d at 1551-52). Thus, even if the other deficiencies did not exist, this appeal would likely be dismissed as duplicative.

### IV.     CONCLUSION

The appeal of the orders identified in the notice of appeal is untimely. The Court therefore lacks subject matter jurisdiction and the appeal must be dismissed.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Appellee Frank R. Kane's Motion to Dismiss [Doc. 10] is granted. This appeal is dismissed for lack of subject matter jurisdiction.

2. The Clerk is directed to terminate all pending motions and to close this case.

**DONE AND ORDERED** in Tampa, Florida on August 9, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

9